IN OPEN COURT

I 0 2022

# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANDREW SKAHEN,<br><br>*Defendant.* | **UNDER SEAL**<br><br>Case No. 1:22-CR-206<br><br>Count 1: 18 U.S.C. § 2252(a)(2) and(b)(1)<br>Distribution of Child Pornography<br><br>Count 2: 18 U.S.C. § 2252(a)(2) and(b)(1)<br>Receipt of Child Pornography<br><br>Count 3: 18 U.S.C. § 2252(a)(4)(B) and(b)(2)<br>Possession of Child Pornography<br><br>Forfeiture Notice: 18 U.S.C. § 2253(a) |

## INDICTMENT

November 2022 Term—at Alexandria, Virginia

### COUNT ONE
### (Distribution of Child Pornography)

THE GRAND JURY CHARGES THAT:

In or around July 2018, in Prince William County, Virginia, within the Eastern District of Virginia, the defendant, ANDREW SKAHEN, did knowingly distribute and attempt to distribute one or more visual depictions using a means and facility of interstate and foreign commerce, and which visual depictions had been transported in and affecting interstate and foreign commerce, by any means including by computer, and the production of such visual depictions involved the use of a minor engaging in sexually explicit conduct and the visual depictions were of such conduct, to wit: visual depictions of minors engaging in sexually explicit conduct that ANDREW SKAHEN distributed and attempted to distribute via Kik, a social media application, using a Samsung Galaxy S8+ cell phone (R38J409L6SZ).

(All in violation of Title 18, U.S. Code, Sections 2252(a)(2) and (b)(1).)

## COUNT TWO
### (Receipt of Child Pornography)

THE GRAND JURY FURTHER CHARGES THAT:

In or around July 2018, in Prince William County, Virginia, within the Eastern District of Virginia, the defendant, ANDREW SKAHEN, did knowingly receive and attempt to receive one or more visual depictions using any means and facility of interstate and foreign commerce, and which visual depictions had been transported in and affecting interstate and foreign commerce, by any means including by computer; and the production of such visual depictions involved the use of a minor engaging in sexually explicit conduct and the visual depictions were of such conduct, to wit: visual depictions of minors engaging in sexually explicit conduct that SKAHEN received and attempted to receive via Kik, a social media application, using a Samsung Galaxy S8+ cell phone (R38J409L6SZ).

(All in violation of Title 18, U.S. Code, Sections 2252(a)(2) and (b)(1).)

## COUNT THREE
### (Possession of Child Pornography)

THE GRAND JURY FURTHER CHARGES THAT:

On or about February 10, 2021, in Prince William County, Virginia, within the Eastern District of Virginia, the defendant, ANDREW SKAHEN, did knowingly possess and attempt to possess at least one matter containing one or more visual depictions that had been transported using a means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, and which visual depictions were produced using materials which had been mailed and so shipped and transported, by any means, including by computer; and the production of such visual depictions involved the use of a minor engaging in sexually explicit conduct and such visual depictions were of such conduct, to wit: videos and images depicting prepubescent minors and minors who had not attained 12 years of age engaging in sexually explicit conduct, stored on a Samsung Galaxy Note 9 cell phone (R38K90F6BDT).

(All in violation of Title 18, United States Code, Sections 2252(a)(4)(B) and (b)(2).)

## **FORFEITURE NOTICE**

THE GRAND JURY FURTHER FINDS THAT:

The defendant, ANDREW SKAHEN, is hereby notified, pursuant to Federal Rule of Criminal Procedure 32.2(a), that upon conviction on any Count of this Indictment, he shall forfeit to the United States: (1) any visual depiction described in 18 U.S.C. §§ 2251, 2251A, 2252, 2252A, 2252B, or 2260, and any matter that contains any such visual depiction, which was produced, transported, mailed, shipped, and received in violation of this chapter; (2) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and (3) any property, real or personal, used or intended to be used to commit or to promote the commission of the offense, and any property traceable to such property. This property includes, but is not limited to:

1. Samsung Galaxy S8+ cell phone (R38J409L6SZ);
2. Samsung Galaxy Note 9 cell phone (R38K90F6BDT);
3. Memorex 64 gigabyte Thumb Drive (07188B83EB84E729); and
4. Samsung 64 gigabyte Media Card (KHDBA93B3719).

If any property subject to forfeiture is unavailable, the United States may seek an order forfeiting substitute assets pursuant to Title 21, U.S. Code, Section 853(p) and Federal Rule of Criminal Procedure 32.2(e).

(All in accordance with Title 18, United States Code, Section 2253; Title 21 U.S. Code, Section 853(p); and Fed. R. Crim. P. 32.2(a) & 32.2(e).)

JESSICA D. ABER
United States Attorney

By: /s/ Lauren Halper
Lauren Halper
Assistant United States Attorney

A TRUE BILL

FOREPERSON

Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office.